**In re CONDERE CORPORATION, Debtor.**

**No. 97–02549–WEE.**

United States Bankruptcy Court,
S.D. Mississippi,
Jackson Division.

July 18, 2000.

7. *Salter v. IRS,* 96 F.3d 1444 (5th Cir.1996) (table).

8. *Salter v. Richardson,* 519 U.S. 1133, 117 S.Ct. 996, 136 L.Ed.2d 876 (1997)(memorandum).

**REASONS FOR ORDER**

JERRY A. BROWN, Bankruptcy Judge.

This matter came on for hearing on April 24, 2000 on the application for reimbursement of fees and expenses of Sid

Richardson Carbon Company ("Richardson") as an administrative expense pursuant to 11 U.S.C. § 503(b),[1] and the objections thereto filed by the debtor, Titan Tire Corporation of Natchez ("Titan Tire"), and the United States Trustee's Office. Richardson seeks reimbursement as an administrative expense for legal fees of $71,912.50 and costs of $4,800.85, in the total amount of $76,713.35. Finding that Richardson's services provided a substantial benefit to the estate, and that the fees and costs are actual, necessary, and reasonable, the court will grant the application.

### ANALYSIS

Section 503(b)(4) of the Bankruptcy Code, 11 U.S.C. § 503(b)(4), provides in pertinent part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—

. . .

(D) a creditor . . . in making a substantial contribution in a case under chapter 9 or 11 of this title;

. . .

■ (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

In the case of *In re DP Partners, Ltd. Partnership*,[2] the Fifth Circuit stated that Section 503(b)(3)(D) and (b)(4) when read in conjunction, "provide that compensable administrative expenses include 'the actual, necessary expenses ... incurred by ... a creditor ... in making a substantial contribution in a case under chapter 9 or 11 of this title' and 'reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection.'"

### 1. *Substantial contribution*

■ The *DP Partners* court determined that services make a substantial contribution when they "foster and enhance, rather than retard or interrupt the progress of reorganization."[3] Beyond that general statement, however, the concept of substantial contribution is not defined in the Fifth Circuit.[4]

■ By virtue of Richardson's efforts, creditors received substantially more than they would have received under the debtor's original plan. The debtor's assets were finally sold with court approval under a plan providing for the unsecured creditors receiving 65 cents on the dollar, while the original oral offer submitted contemplated 25 cents on the dollar. Considering the estimation that approximately $24,000,000 in claims will be allowed, this is a significant increase in returns to creditors. Richardson also led the efforts to locate a viable purchaser of the debtor, thereby substantially increasing the valuation of the debtor's assets. Luke Dove, attorney for the unsecured creditor's committee, testified at the hearing in detail about Richardson's substantial contribution to the debtor's estate. The court

finds this testimony to be credible. The court is also persuaded by the recitation of facts as set forth in Richardson's original application for reimbursement of fees and expenses, and the statement in court of Richardson's attorney, Russell Munsch. The court concludes that Richardson's efforts were beneficial to creditors of the debtor's estate and provided a substantial contribution to the case.

### 2. *Actual and Necessary Expenses*

■ Section 503(b)(4) also requires that the expenses shall be actual and necessary. This provision requires the bankruptcy judge to scrutinize claimed expenses for waste and duplication to ensure that expenses are indeed actual and necessary.[5]

■ The total fees incurred by Richardson through its employment of Munsch, Hardt, Kopf & Harr, P.C. for the period from June 24, 1997 through October 22, 1998 was $116,191.00.[6] Of this amount, Richardson's 503(b) application seeks $71,912.50. Additionally, the application seeks one-half of the total out-of-pocket expenses of $9,771.06, for an amount of $4,800.06. The court finds that this amount, as reduced, is an actual and necessary expense of Richardson that resulted in substantial contribution to the estate.

### 3. *Reasonable compensation*

■ Citing the case of *In re Waldoff's, Inc.*,[7] the U.S. Trustee's office argues that Richardson's application should be allowed based only on the customary rate charged by bankruptcy attorneys in the local community of Jackson, Mississippi, rather that Munsch Hardt's customary hourly rate in Dallas, Texas. If this reduction were to be applied, Richardson's application would be reduced by $18,346.00.[8] Richardson con-

---

**2.** 106 F.3d 667, 671 (5th Cir.1997)[footnotes omitted].

**3.** *In re DP Partners*, 106 F.3d at 672.

**4.** *Id.*

**5.** *In re DP Partners*, 106 F.3d at 673.

**6.** Pl. 1296 at Ex. B.

**7.** 132 B.R. 329 (Bankr.S.D.Miss.1991).

**8.** Pl.1994—Memorandum Brief of United States Trustee at n. 4.

tends it should be allowed its regular Dallas hourly rate, and cites several cases in support of its position.

The court finds that Richardson's attorneys should be allowed compensation at their regular hourly rate. The *Waldoff's* decision involved a retail clothing establishment located in Hattiesburg, Mississippi that retained a New York law firm to complete a workout arrangement with its creditors. The *Waldoff's* court considered the overall circumstances of the case, and concluded that the complexities that would justify payment of nationally based fees were not present.[9] By contrast, the debtor in the pending case is a large company. Although its manufacturing facilities are only in Natchez, Mississippi, it is headquartered in Massachusetts, and does business around the United States. Lawyers from around the country have made appearances in this case on behalf of various creditors, and also on behalf of Titan Tire, the purchaser of the debtor's assets. Accordingly, under the circumstances, Munsch Hardt should be allowed its regular hourly rate.[10]

A separate order will be entered in accordance with these reasons.

---

**9.** 132 B.R. at 335.

**10.** *See In re Southern Indus. Banking Corp.*, 41 B.R. 606, 612–13 (Bankr.E.D.Tenn.1984)("Clearly, in the absence of available local counsel with the personnel and resources necessary in a complex case, the prevailing local rate simply may not be reasonable compensation for a firm outside the jurisdiction whose customary billing rate exceeds the local rate.")