**In re WASHINGTON FURNITURE MANUFACTURING CO.**

No. 01–14386.

United States Bankruptcy Court,
N.D. Mississippi.

July 16, 2002.

Claude F. Clayton, Jr., Tupelo, MS, G. William McCarthy, Jr., Columbia, SC, for debtor.

Amy K. Acoke, Atlanta, GA, Les Alvis, Tupelo, MS, Henry J. Applewhite, Aberdeen, MS, Haywood A. Barnes, Charlotte, NC, David Blaylock, Memphis, TN, Russell S. Bogue, III, Atlanta, GA, Dianne Coffino, New York City, Stephen M. Corban, Tupelo, MS, Edward J. Currie, Jackson, MS, Scott Ellzey, Tupelo, MS, Craig M. Geno, Jackson, MS, Victoria R. Glidden, Rockford, IL, Michael B. Gratz, Tupelo, MS, Ross E. Henley, Jackson, MS, Kristina M. Johnson, Jackson, MS, Stephen P. Livingston, New Albany, MS, Gail D. Nicholson, Gulfport, MS, James W. O'Mara, Jackson, MS, Jan H. Samet, Highpoint, NC, Desmond G. Sheridan, Greensboro, NC, John S. Simpson, Ridgeland, MS, Judy D. Thompson, Poyner & Spruill, L.L.P., Charlotte, NC, Jeffrey K. Tyree, Jackson, MS, for creditors.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is the first interim application of BDO Seidman, LLP, for compensation for services rendered and reimbursement of expenses as accountants for the Official Committee of Unsecured Creditors ("the Committee"); an the objection thereto filed by the United States Trustee for Region V; and the court, having considered same, finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this contested proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

### II.

On October 24, 2001, an order was entered authorizing the Committee to retain the services of the Financial Recovery Services Group of BDO Seidman, LLP, ("BDO"). In its first application for compensation, BDO is requesting fees and expenses in the total amount of $44,215.95, representing $40,477.00 in fees and $3,738.95 in expenses. After being duly noticed, the application drew an objection by the Office of the United States Trustee ("Trustee"). The Trustee argues that the applicant is requesting compensation for accountants and paraprofessionals at excessive hourly rates which are higher than normally allowed by this court. A telephonic hearing was conducted, and the matter was taken under advisement pending the receipt and review by the court of

a curriculum vitae from each of the professionals requesting compensation. Having reviewed the aforesaid information, the court finds that the application should be approved as submitted for the reasons set forth hereinbelow.

## III.

The issue of charging hourly rates for professional services which are higher than the rates customarily charged in the community where the services are rendered or where the debtor is located has been addressed in two separate decisions by the Bankruptcy Court for the Southern District of Mississippi. In *In re Waldoff's, Inc.*, 132 B.R. 329 (Bankr.S.D.Miss.1991), a New York based law firm, which acted as co-counsel for a Chapter 11 corporate debtor located in Hattiesburg, Mississippi, filed an interim fee application employing the hourly rates customarily charged by the law firm in its home jurisdiction. The United States Trustee, as well as, a creditor in the case filed objections stating that the firm should be limited to an hourly rate charged by local Mississippi bankruptcy attorneys. In his opinion, Judge Edward Gaines cited several opinions which held that the higher "out of town" rate may, in fact, be reasonable under certain circumstances. The "specialization" of the applicant, the "urgencies of the debtor's financial condition," the "regional nature of the debtor's holdings and creditors," the fact that a primary creditor may be a "national lender," the out of state locale of some large unsecured creditors, and the involvement of non-local counsel for several creditors, all support the reasonableness of the debtor's selection of an "out of town" professional. *In re Waldoff's, Inc.*, 132 B.R. 329, 335 (Bankr. S.D.Miss.1991) (*quoting, In re Washington Manufacturing Co.*, 101 B.R. 944, 952 (Bankr.M.D.Tenn.1989)).

After reviewing pertinent authorities, Judge Gaines concluded that the higher "out of town" hourly rates may be charged and allowed when justified by "the particular circumstances of the case." *Id.* In reviewing the particular circumstances of the case before him, Judge Gaines found as follows:

Here, the debtor is a retail clothing merchandiser in the town of Hattiesburg, Mississippi, owned by one man, Milton Waldoff. The court is unable to detect the presence of factors that would qualify Waldoff's Inc.'s corporate or financial structure as so intricately complex as to justify compensation for legal services on a basis equal to that paid by businesses in a New York locale, that may have national holdings and whose bankruptcy proceedings would encompass a national scope.

*In re Waldoff's, Inc.*, 132 B.R. 329, 335 (Bankr.S.D.Miss.1991).

In a subsequent decision from the Southern District of Mississippi, Judge Jerry A. Brown employed the *Waldoff's* rationale to allow an "out of town" rate which was higher than that charged in the local community. In *In re Condere Corporation*, 251 B.R. 693 (Bankr.S.D.Miss. 2000), a creditor filed an application for reimbursement of fees and expenses as an administrative expense pursuant to § 503(b). The creditor sought reimbursement for legal services rendered to it by its Texas attorney. Objections were filed to the application based in part on the argument that the hourly rate should be reduced to the local rate. After citing and reviewing the *Waldoff's* opinion, Judge Brown concluded as follows:

By contrast, the debtor in the pending case is a large company. Although its manufacturing facilities are only in Natchez, Mississippi, it is headquartered in Massachusetts, and does business around the United States. Lawyers

from around the country have made appearances in this case on behalf of various creditors, and also on behalf of Titan Tire, the purchaser of the debtor's assets. Accordingly, under the circumstances, [the applicant's attorney] should be allowed its regular hourly rate.

*In re Condere Corporation,* 251 B.R. 693, 696 (Bankr.S.D.Miss.2000).

### IV.

Based on a review of the file and the court's personal knowledge of the present case, the court finds that the financial urgencies of the debtor at the time of the filing of the petition justify the debtor's availing itself of the specialization offered by the Financial Recovery Services Group of BDO. The court finds that the debtor, at the time of filing, was a large company with manufacturing facilities located in Mississippi and North Carolina. A review of the attorney participant list reveals entries of appearances by attorneys from New York, Illinois, Georgia, North Carolina, South Carolina, and Mississippi. A review of the Claims Register reflects that 141 proofs of claim have been filed by creditors located in every region of the United States, as well as, one claim from Canada. As such, the court finds that this is a "national" or "regional" case as opposed to a "local" case. Accordingly, the court finds that "out of town" hourly rates are justified in this case even though they are higher than the hourly rates charged by local professionals.

### V.

Based on the foregoing analysis, the court finds that the fees charged by BDO are reasonable. A separate order will be entered allowing the fees and expenses in full.